Filed 5/1/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

LORI ANNE WHIPPLE,

     Defendant and Appellant.

E083362

(Super.Ct.No. FSB1102845)

OPINION

APPEAL from the Superior Court of San Bernardino County. Harold T. Wilson, Jr., Judge. Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Lori Anne Whipple appeals the denial of her petition for resentencing under Penal Code section 1172.6. Her primary argument is that the jury was not properly instructed on what a felony murder theory required under *People v. Banks*

1

(2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). However, Whipple, who was convicted in November 2019, did not raise instructional error in her direct appeal, so the jury's findings are now conclusively valid. We therefore affirm.[1]

## I. BACKGROUND

Whipple and a co-defendant were charged with first degree murder (§ 187, subd. (a)) and arson of property (§ 451, subd. (d)). The operative charging document also alleged that both Whipple and the co-defendant committed the murder during a robbery or attempted robbery.[2]

In November 2019, Whipple was convicted on both charges, and the jury found true a special circumstance allegation that she was a major participant in the robbery or attempted robbery and acted with reckless indifference to human life. The trial court sentenced Whipple to life without the possibility of parole on the murder count. We affirmed her conviction. (See generally *People v. Nance* (Sep. 6, 2022, E075270) [nonpub. opn.].) On appeal, Whipple did not raise any arguments relating to jury instructions, instead raising arguments only as to improper exclusion of evidence and sentencing. (*Ibid.*)

---

[1] Undesignated statutory references are to the Penal Code.

[2] In a previous order, we took judicial notice of the record in Whipple's prior appeal.

Whipple later petitioned for resentencing under section 1172.6. After the People submitted an opposition and the trial court held a hearing, the trial court found that Whipple was ineligible for relief and denied the petition.

## II. DISCUSSION

"Effective January 1, 2019, the Legislature passed [Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437)] 'to amend the felony murder rule [. . .] .' (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added [what is now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); see *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2 (*Strong*).)

In relevant part, section 1172.6, subdivision (a) provides that a "person convicted of felony murder . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts" if three conditions apply. First, "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder." (§ 1172.6, subd. (a)(1).) Second, "[t]he petitioner was convicted of murder." (§ 1172.6, subd. (a)(2).) Third, "[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

3

"Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' [citation] and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' [citation]. Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'—that is, the statute defining the felony-murder special circumstance." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Whipple satisfies the first two statutory requirements. Accordingly, the parties here focus on the third requirement. Whipple argues that she satisfies it because the jury was not properly instructed on what it needed to consider in order to make the reckless indifference finding under *Banks* and *Clark*. "*Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)

Whipple was convicted in November 2019, several months after Senate Bill 1437 took effect and years after *Banks* and *Clark* were decided. She correctly observes that in *Strong*, our Supreme Court stated that "findings made after *Banks* and *Clark* ordinarily establish a defendant's ineligibility for resentencing under Senate Bill 1437 and thus preclude the defendant from making a prima facie case for relief." (*Strong*, *supra*, 13 Cal.5th at p. 710; see also *id.* at p. 721 ["unless a defendant was tried after *Clark* was

4

decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case"].)  Her argument is that what "ordinarily" happens with post-*Banks* and *Clark* findings should not control here, as the reckless indifference finding was deficient under those cases.  She relies on the following sentence from *Strong*:  "If a jury has determined beyond a reasonable doubt that a defendant was a major participant who acted with reckless indifference to human life, *as those phrases are now understood* and as the Legislature intended them to be understood when incorporating them into Penal Code section 189, then that defendant necessarily could still be convicted of murder under section 189 as amended."  (*Strong*, *supra*, 13 Cal.5th at p. 710, italics added.)

The flaw in Whipple's argument is that, by not raising the argument in her direct appeal, her reckless indifference finding is now conclusively correct under current law.  (See *People v. Superior Court (White)* (2025) 107 Cal.App.5th 1268, 1272 [granting petition for writ of mandate because "[t]he trial court erroneously concluded that the jury's special circumstance finding had no preclusive effect because the jury had not been 'properly instructed as to the *Banks/Clark* factors'"].)

"In general, whether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion, also known as collateral estoppel.  [Citations.]  This common law doctrine is 'grounded on the premise that "once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed."'  [Citation.]  The doctrine '"has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of

5

promoting judicial economy by preventing needless litigation.'" [Citation.] It applies in criminal as well as civil proceedings." (*Strong*, *supra*, 13 Cal.5th at pp. 715-716.)

Here, Whipple's reckless indifference finding has conclusive effect, and it no longer matters whether the finding was arguably deficient under *Banks* and *Clark*. *Strong* applied an exception to issue preclusion for findings of major participant and reckless indifference that were made before *Banks* and *Clark* because "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong*, *supra*, 13 Cal.5th at p. 717.) That reasoning does not apply to the same findings made after *Banks* and *Clark*. Whipple has raised no claim of a significant change in the law following her conviction, nor do we see any other basis for applying an exception. For instance, one prerequisite for issue preclusion is that the "'issue must have been actually litigated in the former proceeding.'" (*Strong*, *supra*, at p. 716.) However, "this element of issue preclusion requires only '"the *opportunity to litigate* . . . not whether the litigant availed himself or herself of the opportunity."'" (*People v. Curiel* (2023) 15 Cal.5th 433, 452.) Whipple's failure to raise instructional error in her appeal does not justify applying an exception to issue preclusion here.

In sum, Whipple's reliance on *Strong* is misplaced, and she does not show she satisfies the third requirement of section 1172.6. Indeed, because she was convicted after Senate Bill 1437's changes took effect and her conviction is now final, absent habeas relief, she cannot possibly show she "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6,

6

subd. (a)(3)). (See *People v. Reyes* (2023) 97 Cal.App.5th 292, 298 ["When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437."]; *People v. Lezama* (2024) 101 Cal.App.5th 583, 590 [third requirement cannot be met "for a person, like defendant, who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated"]; *People v. Gallegos* (2024) 105 Cal.App.5th 434, 445.)[3]

In her reply brief, Whipple argues that because her trial "occurred during a period when the interpretation of Senate Bill 1437 was unsettled, this uncertainty likely affected how the jury understood the concept of reckless indifference." We reject it for the same reason as discussed above: the reckless indifference finding is now conclusively valid under current law.

---

[3] Issue preclusion does not prevent Whipple from challenging the reckless indifference finding in a habeas corpus proceeding. "[T]he doctrine of res judicata cannot block a prisoner from seeking post-conviction habeas corpus relief from his criminal conviction." (*In re Crow* (1971) 4 Cal.3d 613, 621, fn. 8.) However, "'habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.'" (*People v. Kim* (2009) 45 Cal.4th 1078, 1099; see *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267 [ineffective assistance of counsel appropriate in a habeas corpus proceeding for issues that "could have been" raised on appeal].)

## III.  DISPOSITION

The order denying the petition for resentencing is affirmed.

CERTIFIED FOR PUBLICATION

RAPHAEL
                                                                        J.

We concur:

CODRINGTON
            Acting P. J.

FIELDS
            J.